# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT MORRIS,

      Plaintiff,

v.

C/O EVANS, LT. ZANG, BRADLEY SADLER,
C/O AGNE, SGT. STORY, SGT. GAETZ,
SGT. LAMINACK, SGT. MORRIS, NURSE
PRACTITIONER CRANE, and
SGT. ROYSTER,

      Defendants.

Case No. 23-cv-3302-NJR

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Robert Morris, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. On October 6, 2023, this case was severed from *Morris v. Jeffreys, et al.*, Case No. 23-cv-1162-GCS, and includes the claims in Counts 6, 7, and 8:

| | |
|---|---|
| Count 6: | Eighth Amendment excessive force or cruel and unusual punishment claim against Defendants Royster, C/O Evans, Lt. Zang, Lt. Bradley Sadler, C/O Agne, Sgt. Story, Sgt. Gaetz, Sgt. Laminack, and Sgt. Morris for releasing pepper spray on April 4, 2022, on individuals who were on a hunger strike, which caused Morris a panic attack, chest pain, and intermittent consciousness. |
| Count 7: | Eighth Amendment deliberate indifference or cruel and unusual punishment claim against Defendant Crane who was unprofessional towards Plaintiff when he was brought to the healthcare unit on April 4, 2022, after the pepper spray incident and who sent him away after he was washed and received an EKG. |
| Count 8: | Eighth Amendment excessive force or cruel and unusual punishment claim against Defendants Lt. Bradley Sadler, Sgt. Story, Sgt. Gaetz, Sgt. Laminack, Sgt. Morris, and C/O Agne for allegedly beating Plaintiff on April 4, 2022, after removing him from the healthcare unit, and for then placing him in a cell contaminated with chemical agents without any ability to decontaminate it for days. |

(Doc. 1, pp. 2-3).

On November 20, 2023, Morris filed a notice (Doc. 15) indicating his intent to proceed with the severed case. On December 21, 2023, Morris filed another document labeled "exhibits" in which he also stated his intent to proceed in the severed case (Doc. 16).

Thus, this case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Morris makes the following allegations regarding the severed claims:  On April 4, 2022, Defendants Royster, Evans, Zang, Sadler, Agne, Story, Gaetz, Laminack, and Sergeant ("Sgt.") Morris took turns deploying pepper spray on inmates who were on a hunger and water strike. The attack caused Morris to panic, at which time he developed chest pains and suffered from intermittent consciousness (Doc. 3, p. 4; Doc. 2, p. 18). Morris was transported to the healthcare unit where Nurse Practitioner ("NP") Crane was "unprofessional" towards him. Morris alleges he "needed help getting to the 'wash decontamination sink area' and after was given an EKG" (Doc. 2, p. 18). Morris alleges he was "erroneously" released by Crane and that she spoke to him disrespectfully (*Id.* at p. 18).

After his release, Morris was escorted back to his unit (*Id.* at pp. 18-19). Defendants Sadler, Story, Gaetz, Laminack, Sgt. Morris, and Agne took Morris to a secluded location and beat him severely (*Id.* at p. 19). He was then returned to his cell, which had not been decontaminated from pepper spray, and was forced to remain in the cell for days without decontamination or a shower (*Id.*).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to redesignate the counts as follows:

Count 1:        **Eighth Amendment excessive force or cruel and unusual punishment claim against Defendants Royster, C/O Evans, Lt. Zang, Lt. Bradley Sadler, C/O Agne, Sgt. Story, Sgt. Gaetz, Sgt. Laminack, and Sgt. Morris for releasing pepper spray on April 4, 2022.**

Count 2:        **Eighth Amendment deliberate indifference or cruel and unusual punishment claim against Defendant Crane who was unprofessional towards Morris when he was brought to the healthcare unit on April 4, 2022, after the pepper spray incident and who sent him away after he was washed and received an EKG.**

Count 3:        **Eighth Amendment excessive force or cruel and unusual punishment claim against Defendants Lt. Bradley Sadler, Sgt. Story, Sgt. Gaetz, Sgt. Laminack, Sgt. Morris, and C/O Agne for allegedly beating Morris on April 4, 2022, after removing him from the healthcare unit, and for then placing him in a cell contaminated with chemical agents.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

At this stage, Morris states a viable claim for excessive force and cruel and unusual punishment in Counts 1 and 3. Morris fails, however, to state a claim against Crane in Count 2. Morris takes issue with Crane's demeanor on April 4, 2022. He alleges that Crane was "unprofessional" and spoke to him "unprofessionally" (Doc. 2, pp. 18-19). But Crane's tone alone does not amount to deliberate indifference. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000), abrogated on other grounds by *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020) (noting that simple verbal harassment, even racially derogatory language, while unprofessional, does not amount to deliberate indifference). Nor

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

has he offered any facts to explain how Crane's conduct was "unprofessional" or how her demeanor and statements rose to the level of deliberate indifference. *See Beal v. Foster*, 803 F.3d 356, 358-59 (7th Cir. 2015); *Hughes v. Scott*, 816 F.3d 955, 956-57 (7th Cir. 2016) (calling mentally vulnerable individual names and threatening inmate could state a claim); *Lisle v. Welborn*, 933 F.3d 705, 718-19 (7th Cir. 2019) (encouraging inmate to commit suicide could amount to deliberate indifference). Further, Morris acknowledges that he received care, including access to a decontamination sink to remove the pepper spray and an EKG. Although he believes that he was erroneously released from the healthcare unit, he fails to allege how Crane's actions amounted to deliberate indifference. Without something more to explain Crane's actions and statements, Morris fails to state a claim in Count 2 against Crane.

### Disposition

For the reasons stated above, Count 1 shall proceed against Defendants Royster, Evans, Zang, Bradley Sadler, Agne, Story, Gaetz, Laminack and Sgt. Morris. Count 3 shall proceed against Bradley Sadler, Story, Gaetz, Laminack, Sgt. Morris, and Agne. Count 2 against Crane is **DISMISSED without prejudice**.

The Clerk of Court shall prepare for Defendants Royster, C/O Evans, Lt. Zang, Lt. Bradley Sadler, C/O Agne, Sgt. Story, Sgt. Gaetz, Sgt. Laminack, and Sgt. Morris: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Morris. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Morris, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-

known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Morris, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Morris is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

DATED:  **January 17, 2024**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

**Notice to Plaintiff**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**